IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIM KREHBIEL and GERILYN KREHBIEL, individually and as guardians of Jessica Lynn Krehbiel<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:08-cv-00110-CW<br><br>Judge Clark Waddoups |

**INTRODUCTION**

In this action, Plaintiffs Tim and Gerilyn Krehbiel ("Krehbiels") seek a declaratory judgment that two insurance policies (hereafter referred to as the "contested policies") issued by Defendant Travelers Indemnity Company ("Travelers")[1] to Chris and Claudia Cannon provide liability coverage to Matthew Cannon, Chris and Claudia's son, for an automobile accident involving the Krehbiels' daughter Jessica. Now before the court are the parties' cross motions for summary judgment, with each party seeking a declaration on whether the contested policies provide liability coverage to Matthew Cannon. Travelers contends that the contested policies contain exclusions that specifically apply to Matthew and preclude him from coverage. The Krehbiels argue that no exclusions apply. After considering the memoranda, oral argument, and the facts and law relevant to this matter, the court delivers the following Memorandum Decision and Order.

---

[1] While Travelers Insurance Company is the named Defendant, Plaintiffs do not contest that Travelers Indemnity Company is the proper defendant here.

**FACTUAL BACKGROUND**

On August 23, 2006, Matthew caused a serious car accident with Jessica Lynn Krehbiel

in Springville, Utah.  Jessica sustained severe injuries from the accident, resulting in complete

disability and substantial medical costs.

At the time of the accident, Chris and Claudia held four insurance policies with Travelers:

a homeowners policy that included a personal liability umbrella with a $1,000,000 per

occurrence limit, and three automobile policies, each having a $500,000 per accident limit.  Chris

and Claudia were the named insureds on each policy, and Matthew was listed on each

automobile policy as a driver.  The two contested policies named eight separate vehicles, none of

which were involved in the accident, as covered vehicles.  The third policy named two vehicles,

one of which was the Hyundai Elantra that Matthew was driving at the time of the accident.  It is

undisputed that title to the Elantra was held in the name of Chris or Laura Cannon, Matthew's

sister.

The Krehbiels and Travelers reached a settlement in which Travelers agreed to pay the

Krehbiels the $500,000 limit on the policy naming the Elantra involved in the accident along

with the $1,000,000 personal liability limit from the homeowners policy.  Travelers refused,

however, to pay under the contested policies, asserting that Matthew was excluded.  The

Krehbiels agreed in exchange to release Matthew, his family, and all others of any liability

arising out of the accident, but reserved the right to pursue any claims against Travelers for

liability coverage under the contested policies.

On January 24, 2008, the Krehbiels filed this lawsuit in Utah state court, seeking

$1,000,000 in liability coverage on the contested policies.  Travelers removed the action to this

court on February 12, 2008, citing diversity jurisdiction.

Travelers moved for summary judgment arguing that the contested policies contain

exclusions that preclude the Krehbiels from receiving any additional coverage.  The Krehbiels

filed a cross motion for summary judgment seeking a declaration that none of the exclusions

contained in the contested policies apply to Matthew.

## ANALYSIS

**I.      STANDARD FOR SUMMARY JUDGMENT**

"Summary judgment is appropriate 'if the pleadings, the discovery, and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law.'" Warren v. Liberty Mut. Fire Ins. Co.,

555 F.3d 1141, 1145 (10th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).  The moving party bears

the burden of showing beyond a reasonable doubt that it is entitled to summary judgment.  Pelt v.

Utah, 539 F.3d 1271, 1280 (10th Cir. 2008).  If the moving party does not bear the ultimate

burden of persuasion at trial, the movant does not have to negate the non-movant's claim, but

may meet its burden by showing a lack of evidence on an essential element of the non-movant's

claim.  Id.

**II.     THE EXCLUSIONS**

The Krehbiels seek to recover the $500,000 coverage limits on both contested policies.

Travelers denies that coverage is provided based on two exclusions contained in the Automobile

Policy Booklet for the contested policies that read:

B.  We do not provide Liability Coverage for the ownership, maintenance or use of:

...

2.  Any vehicle, other than "your covered auto", which is:

    a. owned by you; or

    b. furnished or available for you regular use.

3. Any vehicle, other than "your covered auto", which is:

    a. owned by any "family member"; or

    b. furnished or available for the regular use of any "family member".

    However, this exclusion (B.3.) does not apply to your maintenance or use of any

    vehicle which is:

    a. owned by a "family member"; or

    b. furnished or available for the regular use of a "family member".

(Auto. Policy Booklet, at 3, Dkt. No. 11 Exs. 3-4).

**Exclusion B.2.**

Travelers argues that Exclusion B.2 precludes coverage for Matthew's use of the Elantra because it excludes any vehicle other than "your covered auto" which is "owned by you," or furnished or available for "your" regular use.  "Your covered auto" is defined in the policy as "[a]ny vehicle shown in the Declarations."  "Your" and "you" are defined in the policy as (1) "[t]he 'named insured' shown in the Declarations; and" (2) "[t]he spouse if a resident of the same household." (Travelers Insurance Policy, Dkt. No. 11, Exs. 3-5) (emphasis added).  In this instance, it is not disputed that "you" includes at least Chris and Claudia.  Travelers contends that because Chris is an owner of the Elantra involved in the accident, and the Elantra is not named in the declarations of the contested policies, Exclusion B.2 applies to bar coverage.  The Krehbiels respond that because Claudia was not an owner of the Elantra she is not subject to Exclusion B.2

and coverage must extend to her.  The Krehbiels reason further that because Claudia is covered, under Utah law, coverage must also be extended to Matthew.  See Utah Code Ann. § 31A-22-303.  Section 303(1)(a)(iii) requires that all insurance policies cover related household residents of the named insureds to the same extent that the named insureds are covered.  The Krehbiels believe this statutory provision mandates that because Claudia is covered by the two contested policies, the statute requires that coverage also must extend to Matthew.  The Krehbiel's argument fails.

Under Utah law, the court is to construe insurance contracts according to the same rules that are applied to ordinary contracts.[2]  State Farm Mut. Auto. Ins. Co. v. DeHerrera, 145 P.3d 1172, 1174 (Utah Ct. App. 2006).  Any ambiguities are to be construed against the insurer and in favor of coverage.  Hill v. Farmers Ins. Exch., 888 P.2d 138, 140 (Utah Ct. App. 1994).  If the meaning of the policy would be plain to a person of ordinary intelligence, however, it will be interpreted and enforced according to its plain meaning.  DeHerrera, 145 P.3d at 1174.  "In general, a court may not rewrite an insurance contract for the parties if the language is clear and unambiguous."  Alf v. State Farm Fire and Cas. Co., 850 P.2d 1272, 1275 (Utah 1993).

This case turns on the contested policies' definitions of "you" and "your."  The Krehbiels construe "you" and "your" to apply separately to Chris and Claudia.  Under this reading, Exclusion B.2 does not apply to Claudia because the Elantra is not a vehicle "owned by you [Claudia]."  This interpretation ignores the obvious fact that the terms "you" and "your" are

---

[2]  The contested policies are subject to Utah insurance law.  There was no choice of law clause in the insurance policy, and the contested policies were both issued in Utah.  In addition, this case is before the court under diversity jurisdiction.  Consequently, Utah law will be applied in this case.

clearly used as plural pronouns, meaning that whenever the contested policies refer to "you," they refer to both Chris and Claudia and to either Chris or Claudia. Under this well accepted rule of grammar, Claudia, and by extension Matthew, would be excluded because Chris owns the Elantra. As discussed below, the court rejects the Krehbiels reading of "you" and "your" and holds that Chris and Claudia, as well as Matthew, are excluded by the express terms of Exclusion B.2.

When applying the definitions of "you" and "your," as contained in the contested policies, the terms of Exclusion B.2 clearly and unambiguously exclude Claudia from coverage. Because Claudia would not have been covered even if she had been driving the Elantra, Matthew is also not covered. The policy definitions require that "you" and "your" reference both the named insureds and the resident spouse of a named insured. Consequently, a vehicle "owned by you" is any vehicle owned by any named insured or any resident spouse. While Claudia is not an owner of the Elantra involved in the accident, she is a named insured and is the resident spouse of Chris. Because the definitions stipulate that all named insureds and all resident spouses are considered to be "you" or "your," the Krehbiels cannot reasonably argue that "owned by you" refers only to Chris and does not exclude Claudia from coverage. According to the unambiguous definitions in the contested policies, Chris's ownership of the Elantra excludes all named insureds (Chris and Claudia), and by extension all household residents, including Matthew, from coverage under Exclusion B.2, unless the Elantra was listed as a "covered" auto. Here the Elantra was not listed as a covered auto in either of the contested policies. Consequently, the court holds that the contested policies do not cover Matthew's use of the Elantra.

The Krehbiels attempt to bolster their reading of Exclusion B.2 by distinguishing the facts

of this case from the facts in Hill v. Farmers Ins. Exch.. 888 P.2d 138 (Utah Ct. App. 1994).  The

Krehbiels claim that Hill stands for the proposition that when coverage for all named insureds is

excluded it is acceptable to deny coverage to household residents, but where at least one named

insured is not excluded, coverage cannot be denied to any household resident.  Hill, however,

does not address that issue at all.  Rather, Hill allows for exclusions from coverage to be made if

the exclusions are clear and unmistakable.  While the court in Hill found the exclusionary

language at issue to exclude all the named insureds and related household residents, the court did

not address or consider the notion that a household resident would necessarily be extended

coverage in the event that one of the named insureds was not excluded. See  id. at 141.

        Although neither party cited to it, there is a wealth of case law from state courts outside

of Utah specifically addressing the meaning and purpose of Exclusion B.2.  The overwhelming

majority of these cases, which interpreted policies that were practically identical to the contested

policies, read "you" and "your" to include both the husband and the wife such that if one is

excluded from coverage, the other is also excluded.  See Sheldon v. Hartford Ins. Co., 189 P.3d

695, 699 (N.M. Ct. App. 2008); Hacker v. Dickman, 661 N.E.2d 1005, 1007 (Ohio 1996);

Sunshine Ins. Co. v. Sprung, 452 N.W.2d 782, 784 (Dakota 1990); Farber v. Great Amn. Ins.

Co., 406 F.2d 1228, 1232 (7th Cir. 1969); Schelinski v. Midwest Mut. Ins. Co., 863 P.2d 564,

568 (Wash. Ct. App. 1993); Garrison v. Farm Bureau Mut. Ins. Co., 270 N.W.2d 678, 679 (Mich.

Ct. App. 1978); Boyd v. U.S. Fid. & Guar. Co., 265 So.2d 1, 4 (Fla. 1971).  But see Barclay v.

State Auto Ins. Cos., 816 N.E.2d 973, 977 (Ind. Ct. App. 2004).

> Whenever the words "you" and "your" are used in the policy, both [the husband]
> and [the wife] are included.  Applying this definition to Exclusion B/2 reveals that
> no liability coverage is extended for use of any vehicle, other than the covered

auto, owned by [the husband] or [the wife] or furnished or furnished or available for their use.

Sheldon, 189 P.3d at 699.

In Hacker, for example, plaintiffs sought to recover on an insurance policy held by the defendant husband, against the defendant wife for injuries plaintiffs sustained when defendants crashed into plaintiffs' car while driving the defendant husband's pickup truck.  661 N.E.2d at 1006.  The husband was driving, but the policy did not name the husband's pickup truck, and the wife was not listed as a named insured.  Id.  The plaintiffs sought to recover based on the liability of the defendant wife because the defendant husband had already been declared excluded from coverage in a previous action.  Id.  The insurance company refused coverage based on an exclusion identical to Exclusion B.2.  Id.  The plaintiffs asserted that the exclusion excluded only the individual who owned the car involved in the accident.  The court rejected this reading, interpreting "you" to encompass both the named insured and the resident spouse.  Id. at 1007.  The court found the exclusion to exclude from coverage "the use of a vehicle not listed in the declarations which is owned by the named insured" and "the use of a vehicle not listed in the declarations which is owned by a resident spouse."  Id.  As such, the defendant wife was excluded from coverage because "you" encompassed both her and her husband.  Id.

Sound public policy also supports this outcome.  Were the court to accept the Krehbiels reading of Exclusion B.2 as correct, the court would effectively endorse potential manipulation of automobile insurance policies. Purchasers of insurance policies would be able to insure, for no additional premiums, several cars for the use of related household residents with a policy that covered only one car, so long as at least one named insured did not own the non-named vehicles

nor use them regularly or have them available for regular use.  The purpose of Exclusion B.2 is "to prevent the insured from purchasing an insurance contract to cover the risk of operating one vehicle, and obtaining coverage on another vehicle that is regularly used in the household."  Id.; See also 8A Couch on Ins. §121:64 (3d. ed. 2009)

Allowing the Krehbiels to recover on the premise that Claudia is not excluded because she did not own the Elantra would contradict the intent of Exclusion B.2.  Instead of assuming liability for the named vehicle and excluding all liability for other household vehicles, insurers would now face potential liability for several cars operated exclusively by household residents and not owned by at least one of the named insureds.  The increased risk of liability would presumably be passed on to insurance consumers, effectively driving up automobile insurance prices.  In light of such a possibility and with a disinclination to contradict the underlying purpose of Exclusion B.2, the court is convinced that the majority position comports with public policy.  Accordingly, Exclusion B.2 operates to exclude Chris and Claudia, as well as Matthew, from coverage under the contested policies for the accident involving Matthew and Jessica.

### Exclusion B.3 and the Anti-Stacking Provisions

Based upon this court's holding that Exclusion B.2 excludes Matthew from coverage under the contested policies, the issues of whether Exclusion B.3 or the anti-stacking provisions preclude coverage as well do not need to be addressed.

### CONCLUSION

For the reasons stated above, the court hereby GRANTS Defendant Travelers Insurance Company's Motion for Summary Judgment, (Docket No. 10), and DENIES Plaintiffs Tim and Gerilyn Krehbiel's Motion for Summary Judgment, (Docket No. 13).

SO ORDERED this 7th day of August, 2009.

BY THE COURT:

Judge Clark Waddoups
United States District Judge
